IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ANGIODYNAMICS, INC., | : | |
| Plaintiff, | : | |
| v. | : | C.A. No. 09-554-JJF |
| VASCULAR SOLUTIONS, INC., | : | |
| Defendant. | : | |

### MEMORANDUM ORDER

Presently before the Court are Defendant Vascular Solutions, Inc.'s Motion To Transfer Under 28 U.S.C. § 1404 (D.I. 12) and Motion to Stay (D.I. 33). Also before the Court is Plaintiff Angiodynamics, Inc.'s Motion To Dismiss Vascular Solutions, Inc.'s Affirmative Defense And Counterclaim of Inequitable Conduct (D.I. 23). For the reasons discussed, Defendant's Motion To Transfer Under 28 U.S.C. § 1404 will be granted. This action, including Defendant's Motion to Stay (D.I. 33) and Plaintiff's Motion To Dismiss Vascular Solutions, Inc.'s Affirmative Defense And Counterclaim of Inequitable Conduct (D.I. 23), will be transferred to the United States District Court for the District of Minnesota.

**I.    Background**

On July 29, 2009, Plaintiff Angiodynamics, Inc. ("Plaintiff") initiated the present action against Defendant Vascular Solutions, Inc. ("Defendant"). (D.I. 1.) Plaintiff alleges that Defendant is directly and/or indirectly infringing

U.S. Patent Nos. 7,273,478 and 7,559,329 (collectively, the "patents-in-suit") by making, using, selling, offering to sell, and instructing users how to use Defendants' Vari-Lase products, including its Bright Tips fibers and procedure kits. (Id. ¶ 8.) The patents-in-suit generally relate to laser treatments for varicose veins. (D.I. 14, at 3; D.I. 19, at 2.) Plaintiff is incorporated in Delaware and maintains its principal place of business in New York. (D.I. 1 ¶ 5.) Defendant is incorporated in Minnesota and maintains its principal place of business in Minneapolis, Minnesota. (Id. ¶ 6.)

## II. Parties' Contentions

With regard to the private interest factors, Defendant contends that Plaintiff's choice of forum is entitled to diminished deference because Delaware is not Plaintiff's "home turf," despite being the state of its incorporation. (Id. at 6-8.) Defendant further contends that to the extent there are valid infringement claims they arose in Minnesota. (Id. at 8-9.) In addition, Defendant argues that Minnesota is more convenient for five former employees who reside in Minnesota and cannot be subpoenaed by this Court, and whom Defendant claims will be witnesses in the case. (Id. at 9-11.) Finally, Defendant contends that documents and tangible items, such as the devices used in the allegedly infringing method, are located in Minnesota. (Id. at 11.) Turning to the public interest factors,

1

Defendant contends that the relative administrative burdens, namely differences in disposition time due to the judicial vacancy in the District of Delaware.

Plaintiff contends that none of the private interest factors weigh in favor of transfer, and specifically, that Delaware is Plaintiff's "home turf," that Plaintiff's choice of forum is entitled to paramount consideration, and that Defendant's choice of forum is entitled to little or no weight. (D.I. 19, at 5-8.) Further, Plaintiff contends that its claims arise from Defendant's nationwide activities, and notes that Defendants' own counterclaims actually arise from activities in New York or Virginia, and not Minnesota. (Id. at 8-9.) Plaintiff also argues that Defendant is well-equipped to litigate in Delaware, and that none of the witnesses are shown to be unavailable in the Delaware. (Id. at 9-11.) With respect to the five former employees identified by Defendant as potential witnesses, Plaintiff contends that Defendant failed to demonstrate "that their intended testimony will be directed to any important issues." (Id. at 12-13.) In contrast, however, Plaintiff notes that the prosecuting attorney for one of the patents-in-suit is likely to testify regarding the inequitable conduct counterclaim, and Delaware is more convenient for him because he works in New York. (Id. at 13.) Finally, the location of records and physical evidence does not favor transfer, according to

2

Plaintiff, because the inconvenience of shipping records and products to Delaware is minor. (Id. at 14.) Turning to the public interest factors, Plaintiff contends that any practical considerations are insufficient to overcome Plaintiff's choice of forum, and that none of Defendant's alleged administrative and efficiency concerns are compelling. (Id. at 15-16.) Further, Plaintiff contends that no local interests are implicated in this action because patent cases involve federal issues and thus do not present local interests. (Id. at 16.)

### III. Legal Standard

Under 28 U.S.C. § 1404(a), "for the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." In determining whether to transfer a case pursuant to § 1404(a), courts in the Third Circuit apply the public and private interest factors outlined in Jumara v. State Farm Ins. Co., 55 F.3d 873 (3d Cir. 1995). Courts consider the following private interests: (1) the plaintiff's choice of forum; (2) the defendant's preferred forum; (3) where the claim arose; (4) the convenience of the parties; (5) the convenience of the witnesses, but only to the extent that the witnesses may be unavailable for trial in one of the fora; and (6) the location of books and records, again, only to the extent that they may not be available in one of the fora. Id. at

3

879.  Courts consider the following public interests: (1) the enforceability of the judgment; (2) practical considerations that could make the trial easier, quicker, or less expensive; (3) court congestion; (4) local interest in the controversy; (5) public policies of the fora; and (6) the trial judge's familiarity with the applicable state law.  Id. at 879-80.  A transfer will be denied if the factors are evenly balanced or weigh only slightly in favor of the transfer.  Cont'l Cas. Co. v. Am. Home Assurance Co., 61 F. Supp. 2d 128, 131 (D. Del. 1999).

## IV.  Discussion

Generally, Plaintiff's choice of forum is entitled to "paramount consideration," and should not lightly be disturbed.  Shutte v. Armco Steel Corp., 431 F.2d 22, 25 (3d Cir. 1970).  The movant's burden in overcoming the plaintiff's choice of forum is somewhat lessened where, as here, the plaintiff has not filed suit in its "home turf."  Waste Distillation Tech., Inc. v. Pan Am. Res., Inc., 775 F. Supp. 759, 764 (D. Del. 1991); see also Pennwalt Corp. v. Purex Indus., Inc., 659 F. Supp. 287, 289 (D. Del. 1986)(internal quotations omitted)("[W]here a plaintiff chooses to litigate away from its principal place of business, the quantum of inconvenience to defendant needed to tip the balance strongly in favor of transfer necessarily will be less than in the case where plaintiff's choice of forum is highly convenient to plaintiff.")  Nevertheless, the Court still accords

4

Plaintiff's choice of forum substantial weight because the choice of this forum relates to Plaintiff's legitimate, rational concerns as a Delaware corporation. See Waste Distillation, 775 F. Supp. at 764 (noting that even if plaintiff does not bring suit in its "home turf," that choice is still accorded substantial weight if related to the plaintiff's legitimate, rational concerns); Nice Sys., Inc. v. Witness Sys., Inc., C.A. No. 06-311-JJF, 2006 WL 2946179, at *2 (D. Del. Oct. 12, 2006)("A corporation's decision to incorporate in a particular state is a rational and legitimate reason to choose to litigate in that state.").

On the specific facts presented here, the Court concludes that the private and public interest factors weigh in favor of transfer, thus overcoming the deference given to Plaintiff's choice to file suit in the District of Delaware. Looking first to the private interest factors, Plaintiff claims that its infringement claims are based on Defendant's nationwide activities and that the allegedly infringing products have been sold in Delaware. To that extent, this factor does not favor transfer. However, the indirect infringement claims appear to have largely arisen in Minnesota, where the allegedly inducing instructions were drafted. Despite Plaintiff's contentions that the inducement of infringement claims also arose from Defendant's participation in trade shows, notably, Delaware is not one of the

5

numerous states in which these trade shows allegedly took place. Therefore, on the whole, this factor weighs slightly in favor of transfer to Minnesota.

The convenience of the witnesses also favors transfer. Defendant has identified five former employees who could not be subpoenaed for trial, and who are likely to possess information relevant to Plaintiff's direct and indirect infringement claims. Three of the identified witnesses are inventors of the device which allegedly infringes the patents-in-suit, and two others were integral in drafting the allegedly inducing instructions. There is no countervailing evidence that any witnesses who would be available for trial in Delaware would be unavailable in Minnesota.

Defendant contends that all relevant documents and physical evidence is in Minnesota, and that it would be onerous to produce them for trial in Delaware. While this may be so, there is no indication that the evidence would be unavailable in Delaware, and accordingly, the Court concludes that this factor does not favor transfer.

Although Defendant may be capable of shouldering the burden of litigating in Delaware, as Plaintiff contends, the Court nonetheless finds that the convenience of the parties weighs in favor of transfer. Defendant's current employees who may possess relevant information, as well as potentially relevant prototypes

6

of the devices allegedly used to infringe, are all located in Minnesota.  While the witnesses and evidence may not be unavailable for production in Delaware, the Court cannot ignore that Minnesota is the more convenient forum in this regard.

With respect to the public interest factors, the enforceability of the judgment, the public policies of the fora, and the familiarity of the trial judge with applicable state law are all neutral, as the parties do not argue these factors.  The local interest factor is also neutral because "patent issues do not give rise to a local controversy or implicate local interests."  TriStrata Tech., Inc. v. Emulgen Labs., Inc., 537 F. Supp. 2d 635, 643 (D. Del. 2008).  As is made clear from the previous discussion on convenience of the witnesses and parties, some of the practical considerations favor transfer to Minnesota.

Aside from Plaintiff's incorporation, Delaware has a limited connection to this litigation.  In contrast, most of the potential and identified witnesses, and relevant records and evidence are located in Minnesota.  Although the Court hesitates to override Plaintiff's rational choice of forum, in the specific circumstances of this case, the Court concludes transfer is warranted.

7

NOW THEREFORE, IT IS HEREBY ORDERED that Defendant Vascular Solutions, Inc.'s Motion To Transfer Under 28 U.S.C. § 1404 (D.I. 12) is **GRANTED**.

July 30, 2010
DATE

_____
UNITED STATES DISTRICT JUDGE

8